IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

RICHARD HENRY JOHNSON, JR.,

              Plaintiff,             Civil No. 10-6112-AA

              v.                  ORDER

R. ROUSE, et al.,

              Defendants.

AIKEN, District Judge.

This case arises out of an altercation between plaintiff and defendant Rouse while plaintiff was housed in the Intensive Management Unit at the Snake River Correctional Institution on November 30, 2009. Plaintiff was disciplined as a result of the altercation.

Plaintiff's Amended Complaint (#10) alleges claims for excessive use of force and substantive and procedural due process violations.

The parties have filed cross motions for summary judgment

as to plaintiff's due process claims. (#27) and (#37).[1]

As a result of the altercation, plaintiff was charged with staff assault and underwent a disciplinary hearing, which resulted in the loss of plaintiff's IMU privileges and a suspended fine.

To establish a claim for deprivation of due process under the Fourteenth Amendment, plaintiff must demonstrate (1) a liberty or property interest protected by the Constitution, (2) a deprivation of that interest by the government, and (3) a lack of opportunity for process. Board of Regents v. Roth, 408 U.S. 564, 569-71 (1972). Thus, the first step in any due process analysis is determining whether a protected liberty or property interest has been implicated by the defendant's conduct.

The record reflects that plaintiff had three major rule violations in the two years previous to the incident giving rise to his claims in this case. Declaration of Aaron Sprague (#39) Exhibit 1, p. 2. The Hearings Officer did not recommend the retraction of Earned/Good Time credits because plaintiff had not been awarded any such credits. No segregation sanction was imposed because plaintiff was already assigned to

---

[1]Plaintiff's Memorandum in Support (#28) states that he is seeking summary judgment "on his claims from the denial of due process *and unlawful use of excessive force*." However, plaintiff has only presented argument as to his due process claims.

2 - ORDER

the Intensive Management Unit.  Id.  Therefore plaintiff was sanctioned to 28 days of "loss of intensive management Unit privileges" and a $200 fine "suspended pending no major rule violation." Id.

In order for a prison disciplinary sanction to trigger Fourteenth Amendment due process requirements it must impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472 (1995).  Disciplinary segregation is insufficient to implicate a liberty interest. Id.

It is not apparent from the record before the court what specific privileges plaintiff lost.  However, the mere loss of privileges that he may have been afforded while in the DSU does not impose an "atypical and significant hardship" within the meaning of Sandin. In other words, the loss IMU privileges did not put plaintiff in a more restrictive position than he was prior to being afforded the privileges, ie. IMU placement.

Assuming arguendo that plaintiff could establish that his sanction implicated a liberty interest cognizable under the Fourteenth Amendment, I find that the record establishes plaintiff was afforded due process.

Due process requirements for an inmate at a disciplinary hearing were established in Wolff v. McDonnell, 418 U.S. 539, 560 (1979) as follows.  The inmate must (1) have an

opportunity to appear before the decision making body, (2) have staff representation if he wishes, (3) have written notice of the charge against him in advance of the hearing;, (4) have conditional opportunity to present witnesses and documentary evidence, and (5) have a written statement of the evidence relied upon and the reasons for the sanction taken. Wolff v. McDonnell, supra at 563-73; see also, Walker v. Summer, 14 F.3d 1415 (9th Cir. 1994); Meachum v. Fano, 427 U.S. 215 (1976) Sandin v. Conner, supra, and 28 CFR 541.15 (a) - (c). Judicial review of a prison disciplinary action is limited to whether the requirements set forth in Wolff v. McDonnell were met and whether there is "some" evidence to support the finding. Superintendent v. Hill, 472 U.S. 445. 454 (1985).

The record reflects plaintiff was afforded each of the procedural due process guarantees set for in Wolff v. McDonnell. Declaration of Aaron Sprague (#39) and Exhibits 1-4.

Plaintiff argues that defendants violated various administrative rules and policies in handling his disciplinary case and grievance. However, the failure to follow prison policy does not, in and of itself, state a §1983 claim. Porro v. Barnes, 624 F.3d 1322, 1329 (10th Cir. 2010). Nor do state law violations, on their own, give rise to liability under §

1983. <u>Moreland v. Las Vegas Metro Police Dept.</u>, 159 F.3d
1998); <u>Lovell v. Poway Unified Sch. Dist.</u>, 90 F.3d 367, 370-
71.  Plaintiff has failed to demonstrate that he was denied
any specific procedural due process right set forth above and
therefore fails to state a Fourteenth Amendment due process
claim.

Based on all of the foregoing, I find that there are no
genuine issues of material fact remaining and that defendants
are entitled to judgment as a matter of law as to plaintiff's
due process claim. Defendant's Motion for Partial Summary
Judgment (#37) is allowed.  Plaintiff's Motion for Partial
Summary Judgment (#27) is denied. Plaintiff's Motion for
Appointment of Counsel (#80) is denied.

IT IS SO ORDERED

*I certify that any appeal from this order would not be
taken in good faith.*

DATED this /2 day of October, 2011.

Ann Aiken
United State District Judge

5 - ORDER