IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

RICHARD HENRY JOHNSON, JR.,

        Plaintiff,            6:10-cv-06112-AA

        v.                           ORDER

R. ROUSE, et al.,

        Defendants.

AIKEN, District Judge.

    This case arises out of an altercation between plaintiff and defendant Rouse while plaintiff was housed in the Intensive Management Unit at the Snake River Correctional Institution on November 30, 2009.

    Plaintiff's Amended Complaint (#10) alleges claims for excessive use of force and substantive and procedural due process violations. By Order (#81) entered October 12, 2011, defendants' motion for partial summary judgment as to plaintiff's due process claims was allowed. The remaining

1 - ORDER

defendants, Rouse, Nooth, and Miller now move for summary judgment as to plaintiff Eight Amendment claims (#91).

Plaintiff's claims against the defendants in their official capacities are in essence claims against the state of Oregon. See, ORS 30.265(1). It is well established that the Eleventh Amendment bars citizens from bringing suits tn federal court against a state or state agency absence an express waiver of sovergin immunity by the state. Green v. Mansour, 474 U.S. 64, 68 (1985); Alabama v. Pugh, 438 U.S. 781, 782 (1978); Edleman v. Jordan, 415 U.S. 651, 663 (1974). In addition, the state os not a "person" subject to liability uinder 42 U.S.C. § 1983. Will v. Michigan Dept of State Police, 491 U.S. 58 , 70-71 (1989).

Therefore, defendants are entitled to judgment as a matter of law as to plaintiff's claims against the defendants in their official capacities.

Plaintiff seeks to hold defendants Nooth and Miller liable under a theory of *respondeat superior*. *Respondeat superior* is not a proper basis for liability under section 1983. Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 691-694 (1978); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987). Absent an allegation that the named state official was personally involved in the alleged deprivation of constitutional rights, a complaint under 42 U.S.C. § 1983 does not state a claim. See, Ashcroft v.Iqbal,

2 - ORDER

129 S.Ct. 1937, 1939 (2009). A supervisor may be liable based on his or her personal involvement in the alleged deprivation, or if there is a sufficient causal connection between the supervisor's alleged wrongful conduct and the alleged deprivation, Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989), but a "supervisor is only liable if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 145 (9th Cir. 1989), (citing Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-681 (9th Cir. 1994)).

Plaintiff has not alleged any facts which would establish that would subject defendant Nooth or Miller to liability on the basis of *respondeat superior*. Therefor defendants Nooth and Miller are entitled to judgment as a matter of law as to plaintiff's claims against them.

Plaintiff alleges that defendant Rouse violated his Eighth Amendment right to be free from excessive force when Defendant Rouse used physical force against him when removing him from the shower in IMU. Amended Copmplaint (#10) p. 5-8.

Qualified immunity shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In deciding whether a defendant is entitled to qualified immunity against a § 1983 claim, the

3 - ORDER

court must first decide whether the facts that the plaintiff has alleged or proven establish the violation of a constitutional right. If they do not, then the defendant is entitled to qualified immunity. Secondly, the court must decide whether the right at issue was clearly established at the time of the defendant's conduct. If it was not, the defendant is entitled to qualified immunity. <u>Pearson v. Callahan</u>, 555 U.S. 223 (2009); <u>Saucier v. Katz</u>, 533 U.S. 194, 200-01 (2001).

The record reflects that plaintiff became agitated because his lunch was being served while he was in the shower. Despite defendant Rouse's attempt to calm plaintiff, plaintiff grew increasingly hostile, kicking the shower door and threatening to "hurt a motherfucker." No force was used against plaintiff against plaintiff until defendant Rouse attempted to escort plaintiff from the shower and plaintiff pushed the shower door into defendant Rouse and screamed "fuck you" in his face. Declaration of Donald Rouse (#87). Given plaintiff's previous threat, aggressive behavior, and his advancing towards Rouse, Rouse's use of reactive physical force was reasonable.

Moreover the amount of force was reasonable. The record reflects that Rouse grabbed plaintiff by the head and shoulder and placed him against the shower wall. When plaintiff began

4 - ORDER

to resist, Rouse used a "pressure point" to control plaintiff's behavior. Id. Plaintiff sustained *de minimus* injuries. See, Declaration of Dr. Gulik (#86).

I find that defendant Rouse used a reasonable amount of force that was necessary to defend himself and subdue an out of control, aggressive inmate, and did not violate plaintiff's constitutional rights.

In any event, I find that it would not be clear to a reasonable person in defendant Rouse's circumstances that his actions would violate plaintiff's Eighth Amendment rights. Accordingly, defendant Rouse is entitled to qualified immunity and judgment as a matter of law.

Based on all of the foregoing, I find that there are no genuine issues of material fact remaining and that defendants are entitled to judgment as a matter of law as to plaintiff's Eighth Amendment claim. Defendant's Motion for Summary Judgment (#91) is allowed. This proceeding is dismissed with prejudice.

IT IS SO ORDERED

***I certify that any appeal from this order would not be taken in good faith.***

DATED this __4__ day of April, 2012.

*(signature)*
Ann Aiken
United State District Judge

5 - ORDER